A TRACT of vacant land was surveyed for Henry Hatcher, in the year 1740, and was granted to him by letters patent, which were sealed the 16 day of august, 1756.
Leave was granted, by the governor in council, the 3 day of may, 1744, to Wood Jones, to survey and obtain a grant of land, which was accordingly granted to him, and within tint bounds of which is included the land granted to Henry Hatcher.
Tiie appellee, in the year 1780, filed a bill in equity against Wood Jones in the county court of Charlotte, stating that, in the year 1761 or 1762, the appellee purchased the title of I Im Hatcher, paying to him a valuable consideration for it; that bio appellee being afterwards informed of the grant to Wood Jones, and that it included the land granted to Henry Hatcher, upon inquiry discovered that by occasion of a dispute between the people and governor of Virginia, the latter of whom demanded a ice, which the other thought unlawfull, for his signature to the grants of land, the grant to Henry Hatcher had been detained in the land office, and in the mean time the title was liable to forfeiture by non performance of the conditions in the grant; and that the appellee, in order to save it, entered a petition for *112 a grant of the land to himself, which he obtained, this grant, sealed the 15 day of august, 1764, is annexed to the bill, the appellee charged that Wood Jones clandestinely, whilst the dispute before mentioned depended, paid the fee demanded by the governor, and procured his grant; and prayed a decree that Wood Jones should give and restore to the appellee the land-granted to Henry Hatcher.
Wood Jones died, not having answered the bill.
A bill of revivor was filed against his son and heir of the same name,
Who in his answer thereto denied notice of Hatchers survey, and said nothing supposed to be material, unless it be this : that he did not conceive this dispute to be the proper object of a court of chancery.
The cause being heard on the bill, answer, and certificate of survey for Henry Hatcher, order of the governor in council to Wood Jones, and the grants to Henry Hatcher, and the appellee, read as exhibits, the county court decreed that the plaintiff (appellee) recover against the defendent the land clamed by him ; that the appellee be quieted in possession, and that the defendent pay to the appellee his costs.
Prom this decree the defendent on his. petition, was allowed an appeal to the high court of chancery ; on hearing which, the-12 day of may, 1791, that court delivered this
OPINION,
That the appellees title, if any he hath, to the land in controversy, must he supported on this foundation : that the grant to Henry Hatcher operated retroactively, — giving to his title like vigor as if the consummation thereof, by the grant, had been cotemporaneous with the commencement, which preceded the commencement of the appellants right; — or on this other foundation: that the grant to Wood Jones was obtained surreptitiously, when the officer, to whose function the transaction of that business belonged, did not know part of the land comprehended in the grant to have been appropriated, or clamed, by another, who, in not perfecting his title, had been in no default, or was obtained by collusion between the officer and the grantee, and upon supposition that the grant to Henry Hatcher by reía-' tion was prior in effect, although posterior in date, to the other, or that the latter was fraudulent, this, so far as it tended to intercept his right, was void, and the appellees remedy in a court of common law was proper and adaequate. and this court discerning no ground for application by the appellee to a court of *113 equity, especially when that so great a length of time had elapsed, after the commencement of Hatcher1s title, before any one appeareth to have attempted to assort it, and the manner in which it was derived to the appellee, are remembered, is of opinion the decree of the county court is erroneous, and
Reversing that decree, dismissed the appellees bill, from which decree Elisha White appealed.
OPINION and DECREE of the court of appeals, * 13 day of October, 1792.
This day came the parties and on mature consideration of the transcript, and the arguments of the counsil, although this court doth not approve of the general reasoning in the introduction to the decree of the high court of chancery, being of opinion that in controversies of this nature, where fraud is suggested aud proved, courts of equity have competent jurisdiction, are most usually and properly resorted to, and can afford ample and adaequate relief; yet since the appellant. (Elisha White) hath made no proof in support of the allegations of his bill, or of any fraud on the part of Wood Jones, lather of the appellee, in obtaining his patent, this court is of opinion there is no error in the said decree, therefore it is decreed and ordered that the same he affirmed.
REMARK.
The decree of the court of chancery is, upon reconsideration, admitted to have been made upen a wrong foundation, namely, that the apellen, if he had any title, having an adaequate remedy to recover it by action in a court of common lato, ought to have resorted to that remedy; the nature of this controversy being such that to the court of equity the appellee might properly resort, as the court of appeals have stated in their opinion, if Wood Jones, the father, before the grant to him, had known of the grant to Henry Hatcher, or perhaps of the survey for him, the latter grant would have related, as is conceived, to his survey, the origin of his title, and have avoided pro tanto the grant to Wood Jones, as well in a court of law as in a court of equity, but that notice not being confessed or proved, nor even explicitly charged in the bill, the relation, which is never allowed to antedate an act, if an innocent stranger would be thereby harmed, is inadmissible, the doctrine contained in the decree conformably with what is said here, on the subject of relation, is supposed not to have been disapproved by the court of appeals.

 This appeal is reported more fully in 4 Call 253, than in 1 Wash, 116.